UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY JOHNSON,

    Plaintiff,

v.                              Case No.: 8:06-cv-688-T-24MSS

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes on for consideration of the Commissioner's Motion to Dismiss Plaintiff's Complaint for failure to exhaust administrative remedies (the "Motion") (Dkt. 8) and Plaintiff's response thereto, including Plaintiff's request that the Court grant a continuance in this case.[1]  (Dkt. 10)  Having considered the respective positions of the parties, the Undersigned **REPORTS** and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion (Dkt. 8) and **DENY AS MOOT** Plaintiff's request for a continuance of the case.  (Dkt. 10)

---

[1] The District Court has referred this matter to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(c), Fed. R. Civ. P. 72, and Local Rules 6.01(a),(b) and 6.02(a), M.D. Fla.

**I.     BACKGROUND**

The Commissioner moves this Court for a dismissal of Plaintiff's claim for Plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. §§ 405(g) and (h).  The procedural posture of the case is as follows:

1. Pro Se Plaintiff filed a claim in the Small Claims Division of the County Court of Pinellas County, Florida against the Social Security Administration (the "SSA") alleging that he did not receive his Supplemental Security Income ("SSI") payment for the month of December 2005, in the amount of $6,948.00 (Dkt. 2);

2. In the Complaint, Plaintiff also alleged that the payment was given to someone else, and he demanded judgment in the amount of $5,000.00, plus costs in the amount of $255.00 (Dkt. 2) ;

3. Plaintiff first notified the SSA of his claim that he did not receive the proper SSI payment for December 2005 (Dkt. 2);

4. He then received a letter from the Department of Treasury regarding his allegation that he did not receive the proper SSI payment for December 2005 (Dkt. 2);

5. In the letter, the Department of Treasury informed Plaintiff that the SSA forwarded his inquiry to the Department for investigation.  The Department of Treasury also informed Plaintiff that the payment had been confirmed in the amount of $6,948.00 and was received by the Bank of America, N.A. and

credited to account number 004431827638 on December 13, 2005. Plaintiff was told to contact the SSA at 1-800-722-1213 or visit his local SSA office if he had any other problems or questions. Plaintiff did not proceed any further with the SSA but, instead, filed this claim (Dkt. 2);

6. On behalf of the SSA, the Commissioner of Social Security (the "Commissioner") requested that this case be removed to federal court. On April 17, 2006, this request was granted (Dkt. 1);

7. The Commissioner now requests that this case be dismissed due to Plaintiff's failure to exhaust administrative remedies (Dkt. 8);

8. Plaintiff failed to file a timely response to Defendant's Motion, and, on October 3, 2006, the Court ordered Plaintiff to show cause why Defendant's Motion should not be granted. (Dkt. 9) The Court extended Plaintiff's response date until October 20, 2006. (Dkt. 9);

9. On October 13, 2006, Plaintiff filed a letter with the Court in response to the Court's October 20, 2006, Order. (Dkt. 10) In the letter, Plaintiff informed the Court that he is homeless and has been unable to respond to Defendant's Motion as a result. (Dkt. 10) Plaintiff further informed the Court that the Advocacy Center for Persons with Disabilities (the "Advocacy Center") has agreed to look into this case. (Dkt. 10) Plaintiff therefore requested that the Court grant a continuance in this case to give the Advocacy Center an opportunity to investigate the case. (Dkt. 10)

## III. DISCUSSION

42 U.S.C. § 405(g) provides that a claimant may commence a civil action for review of "any *final decision* of the Commissioner of Social Security made *after a hearing*. . . ." (emphasis added). Moreover, 42 U.S.C. § 405(h) states in relevant part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108 (1977).

The Act does not define the term "final decision;" therefore, "its meaning is left to the Commissioner to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process before he or she can obtain a judicially reviewable final decision. See Schweiker v. Chilicky, 487 U.S. 412, 424 (1988); see also 20 C.F.R. § 416.1400(a)(5) ("When you have completed the steps of the administrative review process . . . we will have made our final decision"). As such, it is clear that a plaintiff must complete the administrative review process in order for the Court to obtain jurisdiction over the case. Salfi, 422 U.S. at 767 (stating that §405(g) requires both a final decision and a hearing); see also Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (emphasizing the importance of a hearing on the merits to satisfy the administrative exhaustion requirement).

Here, Plaintiff failed to exhaust administrative remedies before filing his Complaint with the Court. Plaintiff notified the SSA that he did not receive the December 2005, benefit payment. (Dkt. 2) In turn, the SSA forwarded Plaintiff's inquiry to the Department of Treasury for investigation. (Dkt. 2) Subsequently, the Department of Treasury sent a letter to Plaintiff confirming that his benefit payment was received by Bank of America, N.A. and credited to account number 004431827638 on December 13, 2005. (Dkt. 2) The letter also stated that if Plaintiff had any other problems or questions regarding his benefit payment, he was to either contact the SSA at the toll-free number 1-800-772-1213 or visit the local SSA office. (Dkt. 2)

Plaintiff has made no allegation that he called the toll-free number or visited the local SSA office as directed in the letter from the Department of Treasury. In fact, Plaintiff has not alleged that he pursued any administrative process or that he received a final decision of the Commissioner entitling him to proceed to challenge his claimed denial in this Court. In fact, Plaintiff filed a claim in the Small Claims Division of Pinellas County, Florida. (Dkt. 2) The case was removed to this Court in April 2006. (Dkt. 1) As such, Plaintiff failed to allege that he pursued or exhausted available administrative remedies as required by 42 U.S.C. §§ 405(g) and (h). If he has secured the services of the Advocacy Center and if he is not time-barred, perhaps he still has this option, but this Court cannot exercise jurisdiction in the case in its present posture.

## IV. CONCLUSION

In light of the foregoing, the Undersigned respectfully and regrettably **REPORTS** and **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion (Dkts. 8) and **DISMISS** this case for lack of subject matter jurisdiction. Furthermore, the Undersigned **REPORTS** and **RECOMMENDS** that the District Court **DENY AS MOOT** Plaintiff's request for a continuance if the District Court adopts the Undersigned's recommendation that the Defendant's Motion be granted.

Respectfully **RECOMMENDED** in Tampa, Florida on this 15th day of November 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies furnished to:

Presiding District Court Judge
Counsel of Record
Unrepresented Parties